■ EAZOR EXPRESS INCORPORATED, Appellant, v. SAM LANZA, Doing Business as AUTOMATIC LINDSAY WATER CONDITIONERS OF MONROE COUNTY, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The proof established, or there were inferences reasonably to be drawn therefrom, that on October 12, 1964 plaintiff delivered to defendant Lanza merchandise shipped from Lindsay Company of St. Paul, Minnesota for which defendant was to pay $2,950.65 by picking up the bill of lading which Lindsay Company had sent to the Genesee Valley Union Trust Company for collection; that at the time plaintiff's truck driver delivered the merchandise he neglected to pick up the bill of lading but defendant did pay him the freight charges in the sum of $67.87; that about a week after delivery had been made plaintiff discovered that the driver had not picked up the bill of lading and its terminal manager called defendant who admitted he had received the merchandise, had paid the freight charges and promised to pick up the bill of lading, but plaintiff was never able to get the bill from defendant; that the bank never collected the sum of $2,950.65 from defendant and on November 25, 1964 it returned the bill of lading to Lindsay Company; that plaintiff thereafter became the owner and holder by the Lindsay Company's indorsement of this bill of lading (see Uniform Commercial Code, § 1-201, subds. [15], [20]; § 7-501, subd. [1]; § 7-504, subd. [1], 1 Hawkland, A Transactional Guide to the Uniform Commercial Code [1964], pp. 357–358). Upon this state of the record, it was error to dismiss the complaint at the close of the plaintiff's proof. (Appeal from judgment and order of Monroe County Court dismissing complaint in action to recover value of merchandise delivered.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONNIE JAMES SABIN, Appellant.— Judgment unanimously affirmed. (See Memorandum in *People* v. *Papineau,* 31 A D 2d 781, decided concurrently herewith.) (Appeal from judgment of Onondaga County Court, convicting defendant of attempted robbery, first degree and assault, second degree.) Present — Bastow. P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BEVERLY J. PAPINEAU, Appellant.— Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of attempted robbery, first degree, and assault, second degree. Upon the trial a police officer testified, without objection, to a prior identification of the defendant made by the victim and an eyewitness. We agree that this was error. (*People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Caserta,* 19 N Y 2d 18.) No objection having been made to this proof, however, the question was not preserved for review. (*People* v. *Ross,* 21 N Y 2d 258.) We may of course reverse in the interest of justice (*People* v. *Kelly,* 12 N Y 2d 248) but we decline to exercise that power on the present record. (Cf. *People* v. *Phillips,* 27 A D 2d 981.) We have considered defendant's other contentions and find them without merit. (Appeal from judgment of Onondaga County Court convicting defendant of attempted robbery, first degree and assault, second degree.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.